# EXHIBIT A

**COSTELLO & MAINS, LLC**
By: Drake P. Bearden, Jr.
Attorney I.D. No. 039202009
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
(856) 727-9700
Attorneys for Plaintiff

| | |
|---|---|
| RYAN MCMANUS, ERIC SMITH, EMILIO LOAISIGA, | SUPERIOR COURT OF NEW JERSEY CAMDEN COUNTY - LAW DIV. |
| Plaintiffs, | CIVIL ACTION |
| vs. | |
| WILLIAMS PLANT SERVICES, L.L.C.; KEITH BEAM and JOHN DOES 1-5 AND 6-10. | DOCKET NO: CAM-L-3658-20 |
| Defendants. | **SUMMONS** |

### From The State of New Jersey to the Defendant Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro se/10153_deptyclerklawref.pdf) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiffs' attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf

/s/  Michelle M. Smith
Clerk of the Superior Court

DATED: November 13, 2020

**Name of Defendant to be Served:**   **Williams Plaint Services, L.L.C.**
**Address of Defendant to be Served:**  **12 Christopher Way #200**
**Eatontown, NJ 07724**

**ATLANTIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., First Fl.
Atlantic City, NJ 08401

LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

**BERGEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Room 115
Justice Center, 10 Main St.
Hackensack, NJ 07601

LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166

**BURLINGTON COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
First Fl., Courts Facility
49 Rancocas Road
Mt. Holly, NJ 08060

LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(800) 496-4570

**CAMDEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Processing Office
Hall of Justice
1st Fl., Suite 150
101 South 5th Street
Camden, NJ 08103

LAWYER REFERRAL
(856) 964-4520
LEGAL SERVICES
(856) 964-2010

**CAPE MAY COUNTY:**
Deputy Clerk of the Superior Court
9 N. Main Street
Cape May Courthouse, NJ 08210

LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

**CUMBERLAND COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Broad & Fayette Streets
P.O. Box 10
Bridgeton, NJ 08302

LAWYER REFERRAL
(856) 692-6207
LEGAL SERVICES
(856) 451-0003

**ESSEX COUNTY:**
Deputy Clerk of the Superior Court
Civil Customer Service
Hall of Records, Room 201
465 Dr. Martin Luther King Jr. Blvd.
Newark, NJ 07102

LAWYER REFERRAL
(973) 622-6204
LEGAL SERVICES
(973) 624-4500

**GLOUCESTER COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn: Intake
First Fl. Court House
Woodbury, NJ 08096

LAWYER REFERRAL
(856) 848-4589
LEGAL SERVICES
(856) 848-5360

**HUDSON COUNTY:**
Deputy Clerk of the Superior Court
Superior Court, Civil Records Dept.
Brennan Court House – 1st Floor
583 Newark Avenue
Jersey City, NJ 07306

LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

**HUNTERDON COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08822

LAWYER REFERRAL
(908) 735-2611
LEGAL SERVICES
(908) 782-7979

**MERCER COUNTY:**
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 S. Broad Street, P.O. Box 8068
Trenton, NJ 08650

LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

**MIDDLESEX COUNTY:**
Deputy Clerk of the Superior Court
Middlesex Vicinage
2nd Floor – Tower
56 Paterson Street
New Brunswick, NJ 08903

LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 866-0020

**MONMOUTH COUNTY:**
Deputy Clerk of the Superior Court
Court House
71 Monument Park
P.O. Box 1269
Freehold, NJ 07728

LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

**MORRIS COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Washington and Court Streets
P.O. Box 910
Morristown, NJ 07963

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

**OCEAN COUNTY:**
Deputy Clerk of the Superior Court
Court House, Room 119
118 Washington Street
Toms River, NJ 08754

LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

**PASSAIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Court House
77 Hamilton Street
Paterson, NJ 07505

LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 523-2900

**SALEM COUNTY:**
Deputy Clerk of the Superior Court
92 Market Street
P.O. Box 29
Salem, NJ 08079

LAWYER REFERRAL
(856) 678-8363
LEGAL SERVICES
(856) 451-0003

**SOMERSET COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
P.O. Box 3000
40 North Bridge Street
Somerville, NJ 08876

LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

**SUSSEX COUNTY:**
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

**UNION COUNTY:**
Deputy Clerk of the Superior Court
1ˢᵗ Fl., Court House
2 Broad Street
Elizabeth, NJ 07207

LAWYER REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 354-4340

**WARREN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division Office
Court House
413 Second Street
Belvedere, NJ 07823

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 475-2010

**COSTELLO & MAINS, LLC**
By: Drake P. Bearden, Jr., Esquire
Attorney I.D. No. 039202009
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
(856) 727-9700
Attorneys for Plaintiff

| | |
|---|---|
| RYAN MCMANUS, ERIC SMITH, EMILIO LOAISIGA, | SUPERIOR COURT OF NEW JERSEY CAMDEN COUNTY - LAW DIV. |
| Plaintiffs, | CIVIL ACTION |
| vs. | DOCKET NO: |
| WILLIAMS PLANT SERVICES, L.L.C.; KEITH BEAM and JOHN DOES 1-5 AND 6-10. | |
| Defendants. | **COMPLAINT AND JURY DEMAND** |

Plaintiff, Ryan McManus, Eric Smith, and Emilio Loaisiga, residing in the State of New

Jersey and Pennsylvania, by way of Complaint against the Defendants', says:

### Preliminary Statement

Plaintiffs bring this suit under the New Jersey Conscientious Employee Protection Act

("CEPA").

### Identification of Parties

1.      Plaintiff Ryan McManus was, at all relevant times herein, a resident of

Swedesboro, New Jersey, and a former employee of Defendant Williams Plant Services, L.L.C.

2.      Plaintiff Eric Smith was, at all relevant times herein, a resident of Philadelphia,

Pennsylvania, and a former employee of Defendant Williams Plant Services, L.L.C.

3.      Plaintiff Emilio Loaisiga was, at all relevant times herein, a resident of Camden,

New Jersey, and a former employee of Defendant Williams Plant Services, L.L.C.

4.      Defendant Williams Plant Services, L.L.C. ("Williams Plant Services") was, at all relevant times herein, a business entity registered and operating in the State of New Jersey with its service of process address at 12 Christopher Way, #200, Eatontown, New Jersey 07724, and a former employer of Plaintiffs McManus, Smith and Loaisiga (referred to together here and after as "Plaintiffs").

5.      Defendant Keith Beam was, at all relevant times herein, a resident of the State of New Jersey, and an employee of Defendant Williams Plant Services.

6.      Defendants John Does 1-5 and 6-10, currently unidentified, are individuals and/or entities who, on the basis of their direct acts or on the basis of *respondeat superior*, are answerable to the plaintiff for the acts set forth herein.

### General Allegations

7.      All three Plaintiffs worked for Defendant Williams Plant Services at the Oyster Creek Nuclear Power Plant in Forked River, New Jersey.

8.      In or around March 2020, Defendant Beam became the supervisor for all three Plaintiffs at this location.

### A. Allegations as to Loaisiga

9.      Plaintiff Loaisiga began working for Defendant in or around November 2019 as a Forman.

10.     Defendant terminated Plaintiff Loaisiga from his employment on or around May 1, 2020.

11.     Starting in March 2020, Plaintiff Loaisiga began making complaints to Defendant and Beam regarding dangerous conditions at the job.

12.     For example, in March of 2020, Loaisiga complained to Beam that the ceilings were too high on a particular job to use a particular ladder.

13.     Loaisiga told Beam that the employees would need a scissor lift or scaffold which they no longer had.

14.     Beam responded by telling Loaisiga that the job needed to get done.

15.     In response, Loaisiga told Beam that it was not safe to perform the job with that particular ladder, and he would not put his employees' health at risk to perform the job.

16.     Loaisiga then complained to the General Forman, Roy Matthews, about Beam's insistence that he use the unsafe ladder.

17.     Loaisiga told Matthews specifically that it was not safe to perform the job with that ladder due to the height of the ceiling.

18.     Matthews then spoke to the Vice President, Dave Anderson, and then Anderson and Matthews spoke to Beam about the situation.

19.     Ultimately, Loasigia and his team were not required to perform the dangerous tasks with the ladder.

20.     However, after Loaisiga reported this incident, Beam became very upset with Loaisiga.

21.     In or around April 30, 2020, Beam and Loaisiga were performing a project for a hydraulic control unit.

22.     At the time Loaisiga was aware that there were two incidents in which the paint on a door and watering tank for the hydraulic control unit tested positive for lead paint.

23.     Loaisiga asked Beam whether or not the unit had been tested for lead paint, to which Beam responded no.

24.     Loaisiga asked Beam why the unit had not been tested for lead paint, and Beam did not provide a reason, but said that they would talk about it the following morning.

25.     The next day, on or around May 1, 2020, Beam spoke to Loaisiga and told him that he was being terminated.

26.     Loaisiga was terminated from his employment as of the date.

**B. Allegations as to McManus**

27.     McManus began working for Defendant in or around October 2019.

28.     Defendant terminated McManus from his employment on or around May 16, 2020.

29.     After Defendant terminated Loaisiga, McManus witnessed unsafe work conditions at the job, which he complained about.

30.     McManus was working in a Radiological Controlled Area ("RCA") that was monitored by radiation protectors.

31.     When working the RCA, there is a very specific way that the employees were to leave the area.

32.     The employees would go to the contaminated area where there was protective clothing.

33.     As the employees exit the RCA, they would go through a series of monitors to scan to confirm that there was no contamination on their clothing.

34.     After work, the employees would sign off on electronic monitors and then walk through the change area.

35.    If the employees were found to have radiation on them in some way, they would have to wait for a radiological protection tech to come inspect and remove any radiological material.

36.    The techs were scheduled to leave the facility at 4:00 p.m.

37.    As such, Plaintiff McManus would start to leave the RCA at 3:45 p.m. to go through the exit process and be seen by the tech if needed.

38.    However, after Loaisiga was terminated, the new Foreman, Matt Mack, did not follow this protocol.

39.    Mac told employees at the morning meeting that they needed to work on their "exit times," meaning that they could not leave by 3:45 p.m.

40.    McManus responded to this statement by Mac by saying he had to leave by 3:45 p.m. to go through the various protocols articulated above.

41.    Mac stated that the protocol did not have to be followed because the facility was not an "active" nuclear facility.

42.    McManus explained to Mac that there is still possibility of contamination even though the facility was not "active."

43.    McManus also complained to Defendant Beam about Defendants' failure to properly follow the process for something called "Fire Watch."

44.    Specifically, when items were being burned, the employees would rotate on Fire Watch to make sure the fire was safe.

45.    On a date between May 1, 2020 and May 16, 2020, Plaintiff McManus was on Fire Watch.

46.    McManus was assigned with several other employees to rotate on Fire Watch.

47.     However, McManus learned that several of the employees that were on Fire Watch were not certified to conduct Fire Watch.

48.     McManus complained about this to Beam, and stated that he would not be able to complete a continuous Fire Watch because some of the employees were not certified to conduct Fire Watch.

49.     Beam responded that he did not care about the lack of certification, and became of upset with McManus.

50.     Plaintiff McManus also complained to Beam about an issue with an employee using a torch.

51.     Specifically, McManus noticed that the torch the employee was using was at a pressure gauge which was too high.

52.     The employee told McManus that Beam told the employee to set the pressure gauge at that level.

53.     Plaintiff then complained to another supervisor, John Schrewsberry about the fact that the pressure on the torch was too high, and Beam had instructed the employee to set the pressure at that level.

54.     After making these complaints, on or around May 16, 2020, Plaintiff McManus was told that he was being terminated from his employment with Defendants.

**C.  Allegations as to Smith**

55.     Plaintiff Smith began working for Defendants on or around October 21, 2019.

56.     Plaintiff Smith was terminated on or around May 16, 2020.

57.     Smith worked as a laborer at Defendants at all times during his employment.

6

58.   Smith was transferred to a new building known as the "Laundry Mat" in or around March 2020.

59.   The building that Plaintiff Smith worked in was not kept clean and was, in fact disgusting.

60.   Plaintiff Smith complained to Beam on two occasions, and Mac on another two occasions that there was mold in the facility, there was no ventilation in the facility, and there was no hand sanitizer in the facility.

61.   This was particularly dangerous given the current Covid-19 crisis.

62.   After Smith made these complaints. Smith was terminated on or around May 16, 2020.

63.   In making complaints about the health and safety issues listed about, the Plaintiffs engaged in protected activity pursuant to CEPA when they disclosed, objected to and refused to participate in activities, policies and practices which they reasonably believed were in violation of a law, a rule or regulation promulgated, pursuant to law, or a clear mandate of public policy, particularly the Occupational Safety and Health Administration ("OSHA") regulations.

64.   Loaisiga complained about the fact that Beam was instructing to perform work on an unsafe ladder, which is a violation of 29 C.F.R. § 1910.23 et seq., and 29 C.F.R. § 1926, et seq.

65.   Loaisiga also complained that a unit that had previously tested positive for lead paint, was not being tested again before work was conducted on that unit, in violation of 29 C.F.R. § 1910.1025, et seq., which regulates exposure to lead in the work place.

66.     Plaintiff McManus specifically objected to the fact that employees were being required to work in an RCA, without being permitted to undergo the proper nuclear radiation contamination protocols in violation of 29 C.F.R. § 1910.1096, et seq. and 10 C.F.R. § 20 et seq.

67.     Plaintiff McManus also objected to the fact that employees were placed on Fire Watch without proper training in violation of 29 C.F.R. § 1910.252, et seq.

68.     Plaintiff McManus also objected to the fact that an employee was using a torch at an unsafe pressure level which is a potential violation of 29 C.F.R. § 1910.253, et seq.

69.     Plaintiff Smith objected to the cleanliness and safety conditions of the facility, mold, lack of ventilation and lack of sanitation which is a potential violation of 29 C.F.R. § 1910.141, et seq.

70.     Plaintiff Smith also complained about the fact that there's no sanitation within the facility despite the fact that executive orders entered by the Governor in the State of New Jersey, and OSHA Regulations also require employees to provide proper safety equipment and sanitation within a facility due to the Covid-19 crisis.

71.     All of the complaints made by Plaintiffs about the safety of the facility were also pursuant to 29 U.S.C. § 654(a)(1) which requires an employer to "furnish to each of its employees employment at a place of employment which are free from recognized hazards that are causing or likely to cause death or serious physical harm to employees."

72.     Subsequent to the Plaintiffs complaining about and objecting to these activities, and engaging in protected activity, Plaintiffs were subjected to adverse employment actions including, but not limited to, being terminated from their employment.

73.     A determinative and/or motivating factor in the adverse employment actions taken against Plaintiffs was the fact that they disclosed, objected to, and refused to participate in the activities outlined above.

74.     Defendants actions, including terminating Plaintiffs, were intentional, purposeful, willful and egregious retaliation, and performed by members of upper managements, making punitive damages warranted.

75.     Individual Defendant Beam is personally liable for retaliating against the Plaintiff as an individual who engaged in reprisal against the Plaintiffs for engaging in whistleblower activity.

76.     The fact that the Plaintiffs were directly retaliated against as a result of having engaged in protected conduct under CEPA entitles them to claim compensatory and punitive damages under CEPA as set forth below.

## COUNT I

### Violation of CEPA as to Plaintiff McManus

77.     Plaintiff hereby repeats and re-alleges paragraphs 1 through 76, as though fully set forth herein.

78.     For the reasons set forth above, Plaintiff McManus claims liability against the Defendants by virtue of the conduct of Defendants' employees including, but not limited to, members of upper management.

79.     Because the actions were all purposeful, willful, and intentional, punitive damages are warranted.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, including emotional distress and

personal hardship, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, equitable instatement and/or promotion, and any other relief the Court deems equitable and just.

## COUNT II

### Violation of CEPA as to Plaintiff Loaisiga

80.     Plaintiff hereby repeats and re-alleges paragraphs 1 through 79, as though fully set forth herein.

81.     For the reasons set forth above, Plaintiff Loaisiga claims liability against the Defendants by virtue of the conduct of Defendants' employees including, but not limited to, members of upper management.

82.     Because the actions were all purposeful, willful, and intentional, punitive damages are warranted.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, including emotional distress and personal hardship, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, equitable instatement and/or promotion, and any other relief the Court deems equitable and just.

## COUNT III

### Violation of CEPA as to Plaintiff Smith

83.     Plaintiff hereby repeats and re-alleges paragraphs 1 through 82, as though fully set forth herein.

84.     For the reasons set forth above, Plaintiff Smith claims liability against the Defendants by virtue of the conduct of Defendants' employees including, but not limited to, members of upper management.

85.     Because the actions were all purposeful, willful, and intentional, punitive damages are warranted.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, including emotional distress and personal hardship, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, equitable instatement and/or promotion, and any other relief the Court deems equitable and just.

**COUNT IV**

**Violation of CEPA as the Individual Defendant Beam against Plaintiff McManus**

86.     Plaintiff hereby repeats and re-alleges paragraphs 1 through 85, as though fully set forth herein.

87.     For the reasons set forth above, Plaintiff McManus claims liability against individual Defendant Beam as on one of the people who retaliated against Plaintiff for engaging in whistleblower activity.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, including emotional distress and personal hardship, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, equitable instatement and/or promotion, and any other relief the Court deems equitable and just.

## COUNT V

### Violation of CEPA as the Individual Defendant Beam against Plaintiff Loaisiga

88.     Plaintiff hereby repeats and re-alleges paragraphs 1 through 87, as though fully set forth herein.

89.     For the reasons set forth above, Plaintiff Loaisiga claims liability against individual Defendant Beam as on one of the people who retaliated against Plaintiff for engaging in whistleblower activity.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, including emotional distress and personal hardship, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, equitable instatement and/or promotion, and any other relief the Court deems equitable and just.

## COUNT VI

### Violation of CEPA as the Individual Defendant Beam against Plaintiff Smith

90.     Plaintiff hereby repeats and re-alleges paragraphs 1 through 89, as though fully set forth herein.

91.     For the reasons set forth above, Plaintiff Smith claims liability against individual Defendant Beam as on one of the people who retaliated against Plaintiff for engaging in whistleblower activity.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, including emotional distress and personal hardship, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, equitable instatement and/or promotion, and any other relief the Court deems equitable and just.

## COUNT VII

### Request for Equitable Relief

92.     Plaintiffs hereby repeats and re-alleges paragraphs 1 through 91 as though fully set forth herein.

93.     Plaintiffs request the following equitable remedies and relief in this matter.

94.     Plaintiffs request a declaration by this Court that the practices contested herein violate New Jersey law as set forth herein.

95.     Plaintiffs request that this Court order the defendants to cease and desist all conduct inconsistent with the claims made herein going forward, both as to the specific plaintiff and as to all other individuals similarly situated.

96.     To the extent that Plaintiffs were separated from employment and to the extent that the separation is contested herein, plaintiff requests equitable reinstatement, with equitable back pay and front pay.

97.     Plaintiffs request, that in the event that equitable reinstatement and/or equitable back pay and equitable front pay is ordered to the plaintiff, that all lost wages, benefits, fringe benefits and other remuneration is also equitably restored to the plaintiff.

98.     Plaintiffs request that the Court equitably order the defendants to pay costs and attorneys' fees along with statutory and required enhancements to said attorneys' fees.

99.     Plaintiffs request that the Court order the defendants to alter their files so as to expunge any reference to which the Court finds violates the statutes implicated herein.

100.   Plaintiffs request that the Court do such other equity as is reasonable, appropriate and just.

WHEREFORE, Plaintiffs demand judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

**COSTELLO & MAINS, LLC**

By:  **/s/Drake P. Bearden, Jr.**
Dated: November 6, 2020                            **Drake P. Bearden, Jr.**

## DEMAND TO PRESERVE EVIDENCE

1.      All defendants are hereby directed and demanded to preserve all physical and electronic information pertaining in any way to plaintiff's employment, to plaintiff's cause of action and/or prayers for relief, to any defenses to same, and pertaining to any party, including, but not limited to, electronic data storage, closed circuit TV footages, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages and any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.

2.      Failure to do so will result in separate claims for spoliation of evidence and/or for appropriate adverse inferences.

**COSTELLO & MAINS, LLC**


By: **/s/Drake P. Bearden, Jr.**
        **Drake P. Bearden, Jr.**


## JURY DEMAND

Plaintiff hereby demands a trial by jury.

**COSTELLO & MAINS, LLC**


By: **/s/Drake P. Bearden, Jr.**
        **Drake P. Bearden, Jr.**

15

## RULE 4:5-1 CERTIFICATION

1.     I am licensed to practice law in New Jersey and am responsible for the captioned

matter.

2.     I am aware of no other matter currently filed or pending in any court in any

jurisdiction which may affect the parties or matters described herein.

**COSTELLO & MAINS, LLC**


By: **/s/Drake P. Bearden, Jr.**        
          **Drake P. Bearden, Jr.**


## DESIGNATION OF TRIAL COUNSEL

Drake P. Bearden, Jr. Esquire, of the law firm of Costello & Mains, LLC, is hereby-

designated trial counsel.

**COSTELLO & MAINS, LLC**


By: **/s/Drake P. Bearden, Jr.**        
          **Drake P. Bearden, Jr.**

# Civil Case Information Statement

## Case Details: CAMDEN | Civil Part Docket# L-003658-20

**Case Caption:** MCMANUS RYAN  VS WILLIAMS PLANT
SERVI CES, L.L.

**Case Initiation Date:** 11/06/2020

**Attorney Name:** DRAKE P BEARDEN JR

**Firm Name:** COSTELLO & MAINS, LLC

**Address:** 18000 HORIZON WAY STE 800

MT LAUREL NJ 080544319

**Phone:** 8567279700

**Name of Party:** PLAINTIFF : MCMANUS. RYAN

**Name of Defendant's Primary Insurance Company**

(if known): Unknown

**Case Type:** WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE
PROTECTION ACT (CEPA)

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same
transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: RYAN MCMANUS?** NO

**Are sexual abuse claims alleged by: ERIC SMITH?** NO

**Are sexual abuse claims alleged by: EMILIO LOAISIGA?** NO

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Employer/Employee

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual
management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
      **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
      **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the
court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

11/06/2020                                                              /s/ DRAKE P BEARDEN JR
Dated                                                                              Signed

CAMDEN COUNTY
SUPERIOR COURT
HALL OF JUSTICE
CAMDEN          NJ 08103
                                        TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (856) 650-9100
COURT HOURS  8:30 AM - 4:30 PM

                          DATE:   NOVEMBER 06, 2020
                          RE:     MCMANUS RYAN  VS WILLIAMS PLANT SERVI CES, L.L.
                          DOCKET: CAM L -003658 20

       THE ABOVE CASE HAS BEEN ASSIGNED TO:   TRACK 3.

       DISCOVERY IS   450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

       THE PRETRIAL JUDGE ASSIGNED IS:  HON MICHAEL J. KASSEL

       IF YOU HAVE ANY QUESTIONS, CONTACT TEAM      202
AT:  (856) 650-9100 EXT 43134.

       IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
       PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                          ATTENTION:
                               ATT: DRAKE P. BEARDEN
                               COSTELLO & MAINS, LLC
                               18000 HORIZON WAY STE 800
                               MT LAUREL       NJ 08054-4319


ECOURTS

RYAN MCMANUS, ERIC SMITH, EMILIO LOAISIGA          Plaintiff

vs.

WILLIAMS PLANT SERVICES, L.L.C., ET AL          Defendant

Superior Court of New Jersey
Law Division
Camden County
Docket Number: CAM-L-003658-20

## AFFIDAVIT OF SERVICE

(For Use by Private Service)

STS2020035641

Cost of Service pursuant to R. 4:4-3(c)

$ _____

**Person to be served** (Name & Address):
WILLIAMS PLANT SERVICES, L.L.C.
C/O CORPORATE CREATIONS NETWORK, INC., RA
12 CHRISTOPHER WAY #200
EATONTOWN, NJ 07724

**Attorney:**
DRAKE P. BEARDEN, JR., ESQ.

**Papers Served:** Letter, Summons, Complaint, Demand to Preserve Evidence, Jury Demand, Rule 4:5-1 Certification, Designation Of Trial Counsel, Plaintiff's First Set of Interrogatories Directed to Defendants, Definitions, Instructions, Interrogatories, Certification, Plaintiff's First Request For Production Of Documents, Certification, CIS, Track Assignment Notice, Lawyers Referral List

**Service Data:**

Served Successfully__X__    Not Served_____    Date: 11/16/2020____    Time: 10:52 am____          Attempts:_____

_____  Delivered a copy to him / her personally

_____  Left a copy with a competent household member over 14 years of age residing therein

___X___  Left a copy with a person authorized to accept service, e.g. managing agent, registered agent, etc.

Name of Person Served and relationship / title:

_DIANE LACORTE_____

_Agent/Authorized Agent_____

**Description of Person Accepting Service:**

Sex: F___   Age: 65___   Height: 5'4"___   Weight: 125___   Skin Color: White_____   Hair Color: Light Brown_____

**Comments or Remarks:**

**Server Data:**

Subscribed and Sworn to before me on _____ 2020
by the affiant who is personally known to me.

_____
NOTARY PUBLIC

Linda Rose Chirichello
NOTARY PUBLIC
State of New Jersey
My Commission Expires 3/13/2023

I, Chris DiNicola, was at the time of service a competent adult not having a direct interest in the litigation. I declare under penalty of perjury that the foregoing is true and correct.

_____  12/2/20
Signature of Process Server          Date

STATUS, L.L.C.
PO Box 370
Bayville, NJ 08721
(908) 688-1414
Our Job Serial Number: STS-2020035641
Ref: NA